Dear Mayor Fontenot:
We received your request for our opinion regarding the City's payment of health insurance premiums on behalf of the Mayor and Trustees. According to the information provided in your request, the City of New Iberia has paid a portion of health insurance premiums for its elected officials. However, the compensation of the Mayor and Trustees is set by the city's charter. Section 9 of the Charter provides as follows:
 (a) The mayor shall receive as compensation a salary of five thousand dollars ($5,000.00.) per month, together with an automobile or automobile expense allowance, or both. Any automobile expense allowance shall be fixed either in the annual budget ordinance, or by separate ordinance.
 (b) The trustee elected at large (mayor pro tempore) shall receive as compensation a salary of eight hundred dollars ($800.00) per month, together with an automobile expense allowance to be fixed either in the annual budget ordinance, or by separate ordinance.
 (c) The trustees elected from districts shall receive as compensation a salary of seven hundred dollars ($700.00) per month, together with an automobile expense allowance to be fixed either in the annual budget ordinance, or by separate ordinance.
The charter is silent as to health insurance premiums and the City now questions whether it may continue to pay them.
Because the Charter is silent to health insurance premiums, it is our opinion that the City is not authorized to pay health insurance premiums for the mayor and trustees.
You refer to La.R.S. 33:404.1 in the request; however, this statute applies to Lawrason Act municipalities. The City of New Iberia is not a Lawrason Act municipality; rather, it operates under a special charter. As such, La.R.S. 33:404.1 is inapplicable.
We do note that Article 6, Section 12 of the Louisiana Constitution of 1974 provides that the compensation of a local official shall not be reduced during the term for which he is elected. You question whether or not the discontinuance by the City to pay the health insurance premiums of these elected officials violates this provision. It is our opinion that it does not because the City was never authorized to pay the premiums and accordingly, would not constitute a reduction of compensation.
We trust that this adequately responds to your request. If you have any questions, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: July 8, 2002